JOHN HIGGINS, PLAINTIFF-APPELLEE, v. ANGELO M. DEL DUCA, DEFENDANT-APPELLANT.

Submitted May 5, 1931—Decided October 5, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the defendant-appellant, *Jacob R. Mantel.*

For the plaintiff-appellee, *Harry Silverstein.*

PER CURIAM.

This action was upon a promissory note. The note was complete and regular upon its face. The proofs showed that the plaintiff purchased the same for value before maturity and that the note was duly presented and protested for non-payment.

The defendant sought to show that the note was given for an oil heater, which was not installed in a workmanlike manner, and that therefore there could be no recovery on the note. The District Court found, and the agreed state of the case ·supports the finding, that there was nothing to show that the plaintiff had any knowledge respecting the transactions for which the note was given when he purchased the same, and that he was a holder for value.

The defendant alleges many errors in the course of the trial. The plaintiff was a salesman for an oil heating concern and the District Court quite properly limited his cross-examination to matters covered in the direct testimony and excluded questions relating to the course of business pursued by his endorser in the conduct of the oil heating business.

The purpose of the examination and the offer of the conditional sales contract was to show that the plaintiff must have known that the note was given for an oil heater and that such oil heater was sold under a contract which had not been performed by the endorser.

As before noted, the case comes before us upon an agreed finding of facts. From our examination thereof, we cannot say that there was harmful error in anything the court did or did not do; in fact, we think the procedure was proper. But if it was not, the record is in such shape that we cannot discover the alleged errors.

The judgment below will be affirmed, with costs.